## The BOARD OF TRUSTEES OF the LELAND STANFORD JUNIOR UNIVERSITY, et al.

v.

## TYCO INTERNATIONAL LTD., et al.

### No. CV 00–10584–TJH(RCx).

United States District Court, C.D. California.

April 11, 2008.

A.J. Bedel, Diane C. Hutnyan, Greta Lisa Wick, Frederick A. Lorig, Sidford L. Brown, Quinn Emanuel Urquhart Oliver & Hedges, Bruce R. Zisser, Bright & Lorig, Los Angeles, CA, Patrick F. Bright, Wagner Anderson & Bright, Glendale, CA, David M. Kleiman, L.A. Patents, Legal Department, Woodland Hills, CA, for The Board of Trustees of the Leland Stanford Junior University, et al.

Anne Hassett, Brian W. Lee, Gregory S. Arovas, John M. Desmarais, John Spaccarotella, Jordan N. Malz, Kirkland & Ellis, LLP, Christopher E. Chalsen, James R. Klaiber, John M. Griem, Jr., Michael M. Murray, Milbank Tweed Hadley & McCloy, Lawrence B. Goodwin, Peter J. Toren, Jeremy S. Pitcock, Steven D. Chin, Kasowitz Benson Torres & Friedman LLP, Alfredo Perez de Alejo, Daniel J. Melman, Etai Lahav, Garland T. Stephens, Steven D. Glazer, Steven W. Green, Steven J. Rizzi, Patricia Young, Weil, Gotshal & Manges LLP, Henry B. Gutman, Simpson Thacher & Bartlett, New York, NY, Brian G. Arnold, David S. Shukan, Kirkland & Ellis, LLP, Chris L. Holm, Jennifer Lynne Miremadi, Mark C. Scarsi, Milbank Tweed Hadley & McCloy, LLP, Ekwan E. Rhow, Bird Marella Boxer Wolpert Nessim Drooks & Lincenberg, Pirapat S. Sindhuphak, Steven H. Weinstein, Barger and Wolen LLP, Sean M. Kneafsey, Kneafsey Tostado and

Associates, Chet A. Kronenberg, Simpson Thacher & Bartlett, Los Angeles, CA, Colleen M. Garlington, Jamal M. Edwards, James A. Shimota, Kirkland & Ellis LLP, Chicago, IL, David C. Kiernan, Edward J. Bennett, Kendra P. Robins, Kimberly D. Perrotta, William B. Pittard, IV, Williams & Connolly, LLP, Brian T. Rancilla, Michael J. McKeon, Fish and Richardson, Washington, DC, Robert Francis McCauley, III, Finnegan Henderson Farabow Garrett & Dunner, Jeffrey E. Ostrow, Simpson Thacher & Bartlett, Palo Alto, CA, Todd G. Miller, John E. Gartman, Fish & Richardson, Maria R. Acker, Gray Cary Ware & Freidenrich, Susan E. Emrich, Emrich & Associates, John Allcock, DLA Piper Rudnick Gray Cary, San Diego, CA, Bruce S. Sostek, Gerald W. Roberts, J. Michael Heinlen, Jane Politz Brandt, Max Ciccarelli, Richard L. Wynne, Jr., Thompson & Knight, Dallas, TX, Richard J. Botos, Agere Systems Inc., Berkeley Heights, NJ, Christopher J. Burrell, David J.F. Gross, Faegre and Benson LLP, Minneapolis, MN, Mary V. Sooter, Faegre & Benson LLP, Boulder, CO, Natalie Hanlon–Leh, Faegre and Benson LLP, Denver, CO, Shelley K. Wessels, Fish & Richardson, Redwood City, CA, Steven S. Cherensky, Weil Gotshal & Manges, Redwood Shores, CA, for Tyco International Ltd., et al.

Diane C. Hutnyan, Quinn Emanuel Urquhart Oliver & Hedges, Los Angeles, CA.

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER ENFORCING THE OCTOBER 10, 2007 DISCOVERY ORDER AND COMPELLING JDSU ON CERTAIN DISCOVERY ISSUES**

ROSALYN M. CHAPMAN, United States Magistrate Judge.

Plaintiffs' ex parte application seeks this Court's Order compelling defendant JDS Uniphase Corporation ("JDSU") to: (1) produce documents, including "legacy database" documents regarding JDSU's financial information from 1996 to 2003, as required by this Court's Order of October 10, 2007; (2) produce a Rule 30(b)(6) witness on Topic nos. 6 through 11, 14 and 17; (3) require Kao–Yang Huang to answer further questions on the '016 Patent; and (4) designate and produce a Rule 30(b)(6) witness on Topic no. 21.

## BACKGROUND

On October 10, 2007, this Court granted plaintiffs' motion to compel JDSU to produce documents responsive to Request nos. 13–33, 44–76, 85–86 and 91–92 regarding damages. On January 18, 2008, JDSU advised plaintiffs for the first time of the existence of archived legacy databases, Declaration of Diane Hutnyan ("Hutnyan Decl.") ¶ 4, Exh. 4; Declaration of Lawrence B. Goodwin ("Goodwin Decl.") ¶ 3, Exh. C; however, it was not until March 14, 2008, when JDSU provided a supplemental response to plaintiff Litton's interrogatories, that JDSU revealed the archived legacy databases are related to plaintiffs' request for damages and, thus, responsive to some or all of the foregoing requests. Hutnyan Decl. ¶ 11, Exh. 15. Subsequently, JDSU claimed these archived legacy databases are "not reasonably accessible because of undue cost or burden" within the meaning of Rule 26(b)(2)(B). Declaration of Jeremiah Chan ("Chan Decl.") ¶ 6, Exh. B. Nevertheless, on April 8, 2008, JDSU provided plaintiffs with the information from the archived legacy databases in hard copy format, and advised plaintiffs they would provide the information to plaintiffs in electronic format by April 11, 2008. Goodwin Decl. ¶ 21, Exh. M.

On February 10, 2008, plaintiffs gave JDSU notice of JDSU's Rule 30(b)(6) deposition, and set forth 39 deposition topics. Hutnyan Decl. ¶ 8, Exhs. 11, 13. Topic no. 21 stated: "All royalty rates charged by Defendants since 1998 with respect to the licensing of any patents concerning optical fiber amplifiers or optical fiber amplifier systems." *Ibid.* On February 15, 2008, JDSU made several objections to Topic no. 21, and JDSU did not designate a person most knowledgeable ("PMK") on Topic no. 21. Hutnyan Decl. ¶ 8, Exh. 12. On the same date, JDSU designated Stanley Lumish as PMK on Topic nos. 6–11, 14 and 17. *Id.* Mr. Lumish's Rule 30(b)(6) deposition took place on March 14, 2008. Hutnyan Decl. ¶ 9, Exh. 14.

On February 20, 2008, plaintiffs noticed the Rule 30(b)(1) deposition of Kao–Yang Huang, an engineer employed by JDSU, and that deposition took place on March 10, 2008. Hutnyan Decl. ¶¶ 14–15, Exhs. 17–18. At his deposition, Mr. Huang stated he had seen Patent '016 and its claims within the last two months. Hutnyan Decl. ¶ 15, Exh. 18 at 7:5–22. Then the following colloquy took place:

Q   At the time that you looked at the patent claims that was unrelated to meetings or interaction with your counsel, did you form any opinion about whether or not the JDSU optical amplifiers infringed those claims?

MR. GOODWIN:  You can answer yes or no.

A   Did I form any opinion?

MR. GOODWIN:  Just whether or not you formed an opinion, no answers as to what it is.

A   Yes.

Q   Did you form such an opinion about claim 11?

A   I don't remember what is claim 11.

Q   Did you share your opinion with anyone?

A   No. Only with—

Q   Mr. Goodwin?

A   And Mr. Steven.

Q   So when you looked at the patent that Litton has asserted against JDSU in this litigation outside of the context of requests or meetings with lawyers and you formed an opinion as to whether or not JDSU optical amplifiers infringed the claims of that patent, what opinion did you form?

MR. GOODWIN:  No. You mischaracterized his testimony.  Objection, foundation, and I'm going to instruct the witness not to answer that question, on the grounds of privilege and work product. No, you don't answer.

Hutnyan Decl. ¶ 15, Exh. 18 at 8:1–9:5.

## DISCUSSION

Plaintiffs claim JDSU did not timely provide them with all documents responsive to Request nos. 13–15, 20–25, 44–45, 60–63, 66–69 and 74–76, regarding JDSU's sales, revenues, costs, profits, and sales projections of optical fiber amplifiers, as required by this Court's Order of October 10, 2007.  The plaintiffs are correct.  As recited above, JDSU did **not** timely provide plaintiffs with vital information relevant to damages; thus, the Court finds JDSU did not comply with this Court's Order of October 10, 2007.  Nevertheless, since JDSU provided this information to plaintiffs on April 8, 2008, plaintiffs' request to compel production of such information from JDSU is now moot.

This does not end the matter, however, since plaintiffs, in their supporting memorandum of points and authorities, seek "issue" sanctions against JDSU under Rule 37 for its failure to timely provide them with the archived legacy documents.  As an initial matter, this Court previously advised plaintiffs of the need to state any request for sanctions in their notice of motion (or ex parte application), and plaintiffs have not done that. Moreover, plaintiffs have not identified the "issue" sanctions they request.  Thus, the Court declines to consider or address plaintiffs' request for "issue" sanctions.

This Court in its Order of March 20, 2008, discussed the standards a corporation must meet to prepare a Rule 30(b)(6) witness, and there is no need to repeat that discussion. Here, it is clear from the transcript of Mr. Lumish's deposition that JDSU did not properly prepare Mr. Lumish on the topics for which JDSU designated him.  *See*, e.g., Hutnyan Decl. ¶ 9, Exh. 14 at 8:20–24 ("Let's start by looking at topic 6.[¶] What did you do to prepare yourself to testify on topic 6? A. I didn't—I didn't do anything to prepare for that.").  Thus, plaintiffs' request to compel JDSU's Rule 30(b)(6) deposition on Topic nos. 6–11, 14 and 17 should be granted.

On the other hand, plaintiffs' motion to compel Mr. Huang's response to deposition questions regarding his opinions about '016 Patent should be denied.  Here, the transcript of Mr. Huang's deposition shows he formed his opinion about claim 11 of '016 Patent at the behest of JDSU's counsel, and the declarations of Messrs.  Huang and Chan support this determination.  *See* Declaration of Kao–Yang Huang ¶¶ 3–4 ("On or

around September 13, 2007, Jeremiah Chan, an in-house attorney for JDSU, sent me a copy of U.S. Patent No. 4, 859,016 (the "016 patent') via email. Mr. Chan requested that I review the '016 patent. [¶] ... I formed my opinions regarding the '016 patent after reviewing the '016 patent at the request of Mr. Chan."); Chan Decl: ¶ 2 ("On September 13, 2007, I sent a copy of U.S. patent 4,859, 016 (the "016 patent') to Kao–Yang Huang via email for his review."). Thus, the Court finds JDSU's work product objection to, and attendant direction to Mr. Huang not to answer, a question regarding his opinion about claim 11 of '016 Patent is well-taken, and the Court sustains the objection. *See,* e.g., *United States v. Nobles,* 422 U.S. 225, 238–39, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141 (1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself." (footnote omitted)); *In re Grand Jury Subpoena,* 357 F.3d 900, 907 (9th Cir.2004) (same); *Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc.,* 2001 WL 1180694, *2 (D.Mass. 2001) ("[T]he mental impressions, opinions, or litigation theory of a party's non-attorney employee may qualify as opinion work-product when the party's non-attorney employee is acting on the party's behalf." (citations omitted)).

Finally, as this Court recently noted in its Order of April 4, 2008, Local Rule 37–3 prohibits ex parte discovery applications absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party. Here, plaintiffs knew JDSU had failed to designate a PMK on Topic no. 21 as of February 15, 2008; yet, plaintiffs offer absolutely no explanation why they did not file a motion to compel JDSU to do so before the discovery cut-off date.

Thus, plaintiffs have not acted diligently, and their request to compel JDSU to designate a PMK on Topic no. 21 should be denied.

### ORDER

1. Plaintiffs' ex parte application for an order compelling JDSU to produce documents, including "legacy database" documents regarding JDSU's financial information from 1996 to 2003, **IS DENIED** as moot.

2. Plaintiffs' ex parte application to compel the Rule 30(b)(6) deposition of JDSU **IS GRANTED** as to Topic nos. 6–11, 14 and 17. Said deposition(s) shall take place no later than April 18, 2008, or any other date plaintiffs and JDSU **mutually agree** to in writing.

3. Plaintiffs' ex parte application to compel Kao–Yang Huang to answer further questions on the '016 Patent **IS DENIED.**

4. Plaintiffs' ex parte application to compel JDSU to designate a Rule 30(b)(6) witness on Topic no. 21 **IS DENIED.**

5. JDSU's request for sanctions **IS DENIED** in light of paragraph 2 above. Fed. R.Civ.P. 37(a)(5)(C).